IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT W. KEINTZ, et. al. | : | 4:08-CV-02153 |
| | : | |
| Plaintiffs, | : | (Judge McClure) |
| v. | : | |
| | : | |
| BELRON US INC., et. al. | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

April 21, 2009

**BACKGROUND:**

On November 28, 2008, plaintiffs Robert W. Keintz and Kathryn I. Agnew instituted this civil action against defendants, Belron US Inc., Safelite Group, Inc., the Belron US Inc. Group Disability Income Plan, the Belron US Inc. Group Life Plan, the Safelite Glass Corp Group Disability Income Plan, and the Safelite Glass Corp Group Life Insurance Plan (collectively "the Belron defendants"). In their complaint, plaintiff's allege they are entitled to equitable relief and breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3)(B).

On January 16, 2009, the Belron defendants filed a motion to dismiss, and filed their supporting brief the same day. (Rec. Doc. Nos. 5 and 6). Plaintiffs were

granted an extension of time within which to file their brief, so plaintiffs' opposing brief was timely filed February 9, 2009. (Rec. Doc. No. 15). Defendants filed their reply February 26, 2009. (Rec. Doc. No. 16). Thus, the matter is ripe for disposition.

Now, for the following reasons, we will treat the motion as one for summary judgement pursuant to Federal Rule of Civil Procedure 12(d) and give both parties twenty days to present all material pertinent to the motion.

**DISCUSSION:**

### I. Allegations in the Complaint

Taking as true all of the allegations in the complaint, the facts are as follows. Plaintiffs Rober Keintz and Kathryn Agnew are spouses. In April 1998, Keintz began working for Safelite, which was acquired by Belron in March 2007[1]. Belron offers employees and their dependents a short-term disability policy, long-term disability policy, and group life insurance. According to the complaint, Belron serves as administrator and sponsor of these plans.

In February 2007, Keintz was diagnosed with stage IV lung cancer. In March 2007, Keintz told his employer about his diagnosis. Over the next eight

---

[1] For the purposes of the instant motion, any reference by plaintiffs in the complaint to "Safelite and/or Belron" will be shortened to "Belron."

months, Keintz repeatedly requested benefits handbooks or booklets.  It wasn't until October 29, 2007, when plaintiffs and their attorney called Belron, that Belron gave Keintz the requested information.  Purportedly, Belron's benefits manager, Donna Gibson, told plaintiffs and their attorney that Keintz's benefits are determined through a "benefits base."  Gibson went on to explain that Keintz's benefits base was currently $88,000 and would increase to $121,000 on January 1, 2008.  Keintz asked if the benefits base would be affected by the date Keintz chose to claim the benefits.  Gibson confirmed that even if Keintz filed his claim for disability benefits prior to January 2008, his benefits base would still increase in January 2008.

     Keintz finally received a benefits booklet on October 30, 2007, but this booklet did not describe the application of the benefits base. On November 6, 2007, Keintz spoke with Dawn Ferrell, a member of Belron's human resources department.  Ferrell explained that if Keintz filed a claim for short-term disability, his benefit rate of 60% would be applied to a benefit base of $88,000, and that the benefit rate of 60% would be applied to a benefit base of $121,000 after January 1, 2008.  Ferrell confirmed that the increase in benefit base would take effect without regard to the date Keintz elected to file his claim for disability.

     Relying on this information, Keintz began disability on November 12, 2007.

On November 27, 2007, Keintz again spoke with Ferrell. Ferrell advised Keintz that his current benefits base was $88,096, and would increase to $121,992 on January 1, 2008. When Keintz did not receive an increase in his disability payment in January 2008, he emailed Ferrell to find out why, and received a response from Gibson stating that if a plan participant is out on leave while the plan year changes, he does not receive the updated amount. Keintz asserts that had he known that his benefit base would not increase on January 1, 2008, he would have waited to file his claim.

Defendants made Keintz an offer, which he did not accept. Plaintiffs appealed to the plan administrator, but have not received a response.

## II. Analysis

The Belron defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, asserting plaintiffs' claims for equitable estoppel and breach of fiduciary duty are not claims for equitable relief, but thinly disguised claims for legal damages, which are not recoverable under ERISA, 29 U.S.C. § 1132(a)(3). Defendants' briefs argue that the Belron defendants are the wrong defendants; that Liberty Life Assurance Company of Boston ("Liberty") administers the funds and plan and pays the disability and life insurance benefits of the plan; therefore, only Liberty would be able to provide equitable relief to defendants.

The caption on plaintiffs' complaint lists as defendants Belron US Inc. and/or Safelite Group, Inc. "as administrators" of the insurance plans. Plaintiffs are under the impression that the employer is the plan administrator, because plaintiffs addressed their benefits denial appeal to the employer. (Rec. Doc. No. 1 ¶ 60 and Ex. 3). Defendants assert that Liberty Assurance both insures and administers the plans. Defendants attached what defendants proffer as the Group Disability Income Policy and Group Life Policy. (Rec. Doc. No. 6 Ex. 1 and 2). Both of these policies list the plan administrator as the employer, Belron. (Rec. Doc. No. 6 Ex. 1 at 46 and Ex. 2 at 52).

Because we are not excluding the two policies defendants attached to its Federal Rule of Civil Procedure 12(b)(6) motion, pursuant to Rule 12(d) we must treat the motion as one for summary judgment under Rule 56. Therefore, both parties will be given twenty days to present all the material that is pertinent to the motion.

Specifically, the parties will be directed to address the issues of who is the plan administrator for the Group Disability Income Policy and the Group Life Policy, the authenticity of the policies attached to defendants' motion to dismiss, and any other information the parties find to be pertinent to a summary judgment motion.

**CONCLUSION:**

For the foregoing reasons, we will treat the motion as one for summary judgement pursuant to Federal Rule of Civil Procedure 12(d) and give both parties twenty days to present all material pertinent to the motion.

                                              s/ James F. McClure, Jr.
                                              James F. McClure, Jr.
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT W. KEINTZ, et. al. | : | 4:08-CV-02153 |
| | : | |
| Plaintiffs, | : | (Judge McClure) |
| v. | : | |
| | : | |
| BELRON US INC., et. al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

April 21, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Pursuant to Fed. R. Civ. P. 12(d), defendants' Motion to Dismiss is treated as one for summary judgment under Fed. R. Civ. P. 56. (Rec. Doc. No. 5).

2. We will give both parties twenty (20) days to present all material that is pertinent to the motion, and to address the issues as specified in the accompanying memorandum.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge