IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KATHRYN AGNEW, Executrix of     :      4:08-cv-2153
the Estate of Robert W. Keintz      :
             Plaintiffs,      :      Hon. John E. Jones III
                                     :
             v.      :      Hon. William T. Prince
                                     :
BELRON US INC., *et al.,*      :
             Defendants.      :

## MEMORANDUM

**April 20, 2011**

Before the Court is the Report and Recommendation ("R&R") of Magistrate

Judge William T. Prince filed on March 18, 2011 (Doc. 58). The R&R

recommends that we grant the Defendant's Motion for Summary Judgment (Doc.

43) and Motion to Strike (Doc. 55), and dismiss the complaint.  Objections to the

R&R were filed by Plaintiff Kathryn Agnew ("Plaintiff") on April 1, 2011.  (Doc.

61).  Accordingly this matter is ripe for our review.

For the reasons that follow, the parts I, II, and IV-B of the R&R shall be

adopted. The Defendants' Motion for Summary Judgment and Motion to Strike

shall be granted, and the complaint shall be dismissed.

1

## I.    STANDARDS OF REVIEW

### A.    Objection to Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B.    Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the

2

non-moving party will bear the burden of proof at trial.  *Id.* at 325.  Once the

moving party meets its burden, the burden then shifts to the non-moving party to

show that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e)(2).   An issue is

"genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find

for the non-moving party, and a factual dispute is "material" only if it might affect

the outcome of the action under the governing law.  *Anderson v. Liberty Lobby,*

*Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely

on allegations of denials in its own pleadings; rather, its response must ... set out

specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  The

non-moving party "cannot rely on unsupported allegations, but must go beyond

pleadings and provide some evidence that would show that there exists a genuine

issue for trial."  *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000).

Arguments made in briefs "are not evidence and cannot by themselves create a

factual dispute sufficient to defeat a summary judgment motion."  *Jersey Cent.*

*Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985).

However, the facts and all reasonable inferences drawn therefrom must be viewed

in the light most favorable to the non-moving party.  *P.N. v. Clementon Bd. of*

*Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982).  Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II.    DISCUSSION

On November 28, 2008 Plaintiff and her now deceased husband Robert W. Keintz filed this action against Defendant Belron US Inc. and its former entity Safelite Glass Corp.[1] Mr. Keintz was the beneficiary of an employee benefits plan sponsored and administered by Defendant. The case arises out of certain alleged misrepresentations Defendant made to Plaintiff and her husband regarding the calculation of benefit payments. Plaintiff claims that she and her husband relied upon these statements to their financial detriment.  The  complaint alleges two violations of ERISA, 29 U.S.C. § 1132(a)(3)(B): (1) equitable estoppel and (2) breach of fiduciary duties.

---

[1] For clarity, the discussion refers only to Defendant Belron US Inc., regardless of the name of the company at the time of the particular event or communication.

4

The facts that form the basis of this action are largely undisputed.  Because Magistrate Judge Prince undertook a painstaking recitation of the facts within his R&R, we shall not endeavor to recite them herein but instead shall refer the reader to section II of the R&R for that summary.  In short, the Plaintiff alleges that she and her husband relied on Defendant's repeated statements that Mr. Keintz's benefits base would increase automatically on January 1, 2008 regardless of when he began disability leave. Mr. Keintz began disability leave on November 8, 2007, but his benefits base did not increase as he had expected. On January 28, 2008, a Belron representative informed Plaintiff and her husband that the base did not increase because Mr. Keintz was on leave on January 1, 2008,  the date the plan year changed. Plaintiff alleges that she and her husband relied on Defendant's interpretation of the plan, and, had they known that Mr. Keintz needed to work through January 1 to receive the increased benefits, they would have postponed his application for leave. Notably, however, Mr. Keintz's oncologist reported in November of 2007 that Mr. Keintz's health had already deteriorated such that he was unable to walk or preform the fine motor skills essential to his job. Furthermore, the misrepresentations made by Belron representatives directly contradict the language in the benefits plan that states, "[the] effective date of any initial, increased, or additional insurance will be delayed" if a participant is not "in

Active Employment because of Injury or Sickness." "Active Employment" is defined in the plan as working on a full-time basis for regular pay.

### A.     Motion to Strike

As a threshold matter, we note that Defendant has filed a Motion to Strike certain attachments to the summary judgment briefing regarding a uncompleted settlement negotiations between the parties.  Magistrate Judge Prince recommends that Defendant's Motion to Strike be granted based on Plaintiff's failure to file a brief in opposition. As noted by the Magistrate Judge, Local Rule 7.6 requires a party opposing a motion to file a brief in opposition within 14 days after service of the movant's brief, or the motion will be deemed unopposed. Plaintiff has not filed a brief in opposition to the motion to strike nor has she filed objections with respect to this recommendation.  We will therefore adopt this recommendation and grant Defendant's Motion to Strike.

### B.     Motion for Summary Judgment[2]

As correctly noted by the Magistrate Judge, a claim for equitable estoppel requires the Plaintiff to establish: (1) the existence of a material representation, (2)

---

[2] Magistrate Judge Prince first recommends that the Defendants' Motion for Summary Judgment be granted, concluding that Plaintiff has failed to exhaust her administrative remedies and present facts that would entitle her to relief on either of her substantive claims. However, because we agree that Plaintiff has failed to show that there is a genuine issue of material fact that would establish either reasonable or detrimental reliance, we need not reach a determination as to whether Plaintiff has exhausted her administrative remedies.

reasonable and detrimental reliance upon that representation, and (3) extraordinary circumstances. *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 235 (3d Cir. 2004). Similarly, a claim for breach of fiduciary duties requires the Plaintiff to establish: (1) the Defendant acted in a fiduciary capacity, (2) the Defendant made affirmative misrepresentations or failed to adequately inform plan beneficiaries, (3) the misrepresentation or inadequate disclosure was material, and (4) the Plaintiff relied to her detriment on the misrepresentation or inadequate disclosure. *In re Unisys Corp. Retiree Medical Benefit ERISA Litigation* (*Unisys IV*), 579 F.3d 220, 228 (3d Cir. 2009).

### 1.    Reasonable Reliance

In determining that Plaintiff has failed to show a genuine issue of material fact establishing reasonable reliance on Defendant's representations, the Magistrate Judge correctly relied on *In re Unisys Corp. Retiree Medical Benefit ERISA Litigation* (*Unisys I*), 58 F.3d 896, 907-08 (3d Cir. 1995). In that case, the Third Circuit held that reliance upon an oral interpretation of plan benefits is never reasonable when the interpretation cannot be reconciled with the unambiguous written language of the plan. *Id.* Here, the Magistrate Judge found that the language of the benefits plan unambiguously requires the beneficiary to maintain active employment status on the date that the benefit is scheduled to increase in

order for the increase to take effect.

In her objections, Plaintiff argues that her reliance was reasonable because nothing in the plan language explicitly states that Defendant is not the proper party to calculate the benefits base. Plaintiff further argues that the policy language cited by the magistrate judge is ambiguous because the language "increased or additional insurance" could refer to the benefit rate rather than the benefit base. We disagree with both of Plaintiff's arguments for the following reasons.  First, absence of plain language indicating the party responsible for determining the benefits base does not render reliance upon Defendant's misstatements reasonable where the statements themselves contradict the written language in the plan stating how the benefits base will be calculated. Second, the language of the plan is not ambiguous because it requires active status for *any* insurance increase. Both an increase in the benefits base or an increase in the benefits rate would generate additional insurance payments, so the language requiring active status applies equally to both situations.

### 2.     Detrimental Reliance

In determining that Plaintiff has failed to show a genuine issue of material fact establishing detrimental reliance on Defendant's representations, the Magistrate Judge correctly relied on *Unisys IV*, 579 F.3d at 223. In that case, the

Third Circuit agreed with the lower courts that two plaintiffs failed to show detrimental reliance where the plaintiffs' decisions regarding their benefits plans were based on factors unrelated to the employer's misrepresentations. *Id.* Here, the Magistrate Judge found that Plaintiff and her husband similarly made their decision to begin disability leave in November 2007 based on the severity of Mr. Keintz's illness rather than the Defendant's misrepresentations.

In her objections, Plaintiff asserts that the Magistrate Judge failed to account for the multiple means by which Mr. Keintz could have accommodated his work schedule to preserve his employment until January 1, 2008.  Plaintiff further asserts that reliance on *Unisys IV* is inappropriate because *Unisys IV* is a fiduciary duty case rather than an equitable estoppel case, and the Third Circuit in *Unisys IV* was bound by a more deferential standard of review than applies to this Court. Plaintiff relies instead on *Curcio v. John Hancock Mutual Life Insurance Co.* in which the Third Circuit held that the plaintiff did establish detrimental reliance where plaintiff attested that she and her husband decided to purchase accidental death benefits after a conversation discussing the policy options available through the employer. 33 F.3d at 237.

We disagree with each of Plaintiff's arguments. First, the distinctions Plaintiff attempts to draw between *Unisys IV* and the instant matter are without

legal significance. Although we exercise *de novo* review of the R&R, 28 U.S.C. §

636(b)(1) permits whatever reliance the district court chooses to place on a

Magistrate Judge's proposed findings.  *United States v. Raddatz*, 447 U.S. 667,

674-75 (1980). Furthermore, because detrimental reliance is an element of both

equitable estoppel and breach of fiduciary duty, the reasoning in *Unisys IV* is

applicable to both claims.

Second, we find that the facts of *Curcio* are inapposite. In *Curcio*, the only

influence upon the plaintiff's decision to purchase additional insurance was her

desire to obtain a larger recovery in the event that her husband prematurely passed

away. But for the employer's representations that she and her husband qualified for

the insurance plan, the plaintiff would not have purchased the additional coverage.

Such is not the case in matter sub judice.  Taking the facts in the light most

favorable to Plaintiff, it appears that she and her husband based their decision to

begin disability leave in November 2007 on Mr. Keintz's physical condition, not

his available benefits. Although Plaintiff undoubtedly expected additional benefits

after her conversations with Defendant, her success in establishing Mr. Keintz's

complete disability as of November 2007 conclusively establishes that Mr. Keintz

would have been unable to maintain active status until January 2008. Given the

severity of Mr. Keintz's illness, Plaintiff and her husband could not have qualified

for increased benefits and could not have relied on Defendant's misrepresentations.

## III.   CONCLUSION

Accordingly, based on the foregoing, the Plaintiff's objections to the R&R shall be overruled and the R&R shall be adopted in part.  An appropriate Order shall issue.